**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 1 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CHARLES C. WALDO,

      Plaintiff-Appellant,

v.

SALT LAKE COUNTY SHERIFF'S
DEPARTMENT; AARON D.
KENNARD, Sheriff; JIM BELL,
Undersheriff; ROBERT BEEMUS,
Captain; PAUL CUNNINGHAM,
Corrections Bureau Chief; SUSAN
BIESELE, Human Resources Manager;
LLOYD PRESCOTT, Retired Captain;
LORI HOUSKEEPER, Lieutenant;
TROY DIAL, Captain; JOHN
MERRICK, Retired Lieutenant,

      Defendants-Appellees.

No. 03-4060
(District of Utah)
(D.C. No. 01-CV-222-ST)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Charles Waldo, proceeding *pro se*, appeals the district court's dismissal of his civil rights complaint. Waldo, a former employee of the Salt Lake County Sheriff's Office, sued that office and various individuals under Title VII, the Americans with Disabilities Act, and § 1983 (alleging a violation of his First Amendment rights to free speech); he also set out a state-law based claim of constructive discharge.[1] The matter was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that the Title VII claim be dismissed because Waldo had not alleged any facts in his complaint that could support such a claim other than the conclusory assertion that he had been subjected to a "hostile work environment." The magistrate judge further noted that Waldo could not maintain a Title VII suit against the individual defendants, even those who were Waldo's supervisors, because they were not employers within the meaning of Title VII. *See Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993). Likewise, Waldo could not

---

[1]In fact, these claims were set out in a series of three complaints filed on April 2nd, April 4th, and April 19th of 2001.

maintain a suit against the individuals in their personal capacity under the ADA. *See Butler v. City of Prairie View Village*, 172 F.3d 736, 744 (10th Cir. 1999). In any event, the magistrate noted that the allegations in Waldo's complaint wholly failed to demonstrate that he was "disabled" within the meaning of the ADA. With regard to Waldo's First Amendment claim, the magistrate noted as follows:

> The "amended" complaint is not in proper form. The statement plaintiff alleges was the basis for defendants' adverse action against plaintiff is not set out in any manner nor are the particulars of the alleged actions, by defendants, in response to it. The defendants are not identified in the caption of the complaint as required by Rule 10(a) F.R.C.P., nor their individual actions identified. The pleading does not set forth an amended complaint meeting Rule 7 & 8 F.R.C.P. standards. Therefore, the complaint is not in such a form that the court can determine if it is frivolous or if the claim meets the substantive standards of *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968).

Having concluded that it was appropriate to dismiss all of Waldo's federal claims, the magistrate judge recommended that the district court decline to exercise jurisdiction over Waldo's state-law based constructive discharge claim. Finally, the magistrate judge recommended that the dismissal of Waldo's claims be without prejudice and that he "be allowed, within twenty (20) days of any order of dismissal, to submit a third amended complaint on his First Amendment, Title VII, and ADA claims if he has a basis in law and fact."

Upon *de novo* review, the district court adopted the report and recommendation and dismissed Waldo's claims. The district court reopened the

case, however, when Waldo filed a third amended complaint as allowed under the district court's order of dismissal. The district court nevertheless concluded that although Waldo had supplemented his ADA claim by setting forth allegations relating to arm and neck injuries, the injuries alleged still did not qualify as disabilities under the ADA. As to the remaining matters, the district court noted that Waldo had simply "restated and repackaged his previous complaint" without curing the deficiencies identified in the magistrate judge's report and recommendation. Accordingly, the district court dismissed Waldo's third amended complaint and closed the case.

This court has considered Waldo's appellate filings and the entire appellate record. We have also conducted a *de novo* review of the district court's order of dismissal. *See Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) ("We agree with our sister circuits that a [] de novo standard should govern review of dismissals under § 1915(e)(2)(B)(ii)."). That review reveals no trace of reversible error. Accordingly, this court **AFFIRMS** the district court's order of dismissal for substantially those reasons set out in the magistrate judge's report

and recommendation dated May 1, 2001, and the district court's order dated March 13, 2003.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge